MEMORANDUM **
Freddy Tuju, his wife Augustina Paulina Legoh, and them son, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals’ order dismissing their appeal from an immigration judge’s (“IJ”) decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Lolong v. Gonzales, 484 F.3d 1173, 1178 (9th Cir.2007) (en banc), and we deny the petition for review.
Substantial evidence supports the agency’s finding that Tuju failed to establish that the mugging and other incidents he experienced in Indonesia constituted past persecution. See Wakkary v. Holder, 558 F.3d 1049, 1059 (9th Cir.2009); see also Sangha v. INS, 103 F.3d 1482, 1489 (9th Cir.1997) (a petitioner cannot establish a nexus to a protected ground by inference “unless the inference is one that is clearly to be drawn from the facts in evidence”). Substantial evidence further supports the agency’s conclusion that Tuju failed otherwise to establish a well-founded fear of future persecution. See Lolong, 484 F.3d at 1180-81; see also Hakeem v. INS, 273 F.3d 812, 816-17 (9th Cir.2001) (probability of future persecution is undercut by petitioner’s similarly-situated family members remaining in the home country without harm). Therefore, substantial evidence supports the agency’s denial of asylum.
Because Tuju did not satisfy the lower evidentiary threshold for asylum, he is ineligible for withholding from removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006).
Substantial evidence supports the agency’s denial of Tuju’s CAT claim because he did not demonstrate that it is more likely than not he or his family will be tortured if *422 they return to Indonesia. See El Himri v. Ashcroft, 378 F.3d 932, 938 (9th Cir.2004).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.